IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**CHRISTOPHER YOUNG**         \*
      Plaintiff,
  v.                  \*   Case No. RWT-16-cv-0010

**CRISTAL CRISPEN**           \*
      Defendant.
                       \*\*\*\*\*

## MEMORANDUM OPINION

On January 4, 2016, Christopher Young, a resident of Clinton, Maryland, filed this self-represented Complaint against Cristal Crispen, a resident of Fort Washington, Maryland. ECF No. 1. He sets out the following facts in support of his cause of action:

> "[Defendant] said someone was going to bust my head, at court, out loud. I have proof that a lot of people, including her, harass me on twitter. She's a liar. She's a real stalker. The kind that does crazy stuff. She got me fired from my job. They didn't investigate. She's the reason I was on probation for 3 years. She got me violated when I tried to file a lawsuit on her. They took me off of probation."

*Id.* at 2. Young seeks damages of $15,000.00. *Id*. at 3. He has filed a Motion for Leave to Proceed *in Forma Pauperis*. ECF No. 2. Because he appears to be indigent, leave to proceed without prepayment of the filing fee will be granted. Young's Complaint shall, however, be dismissed without prejudice for lack of subject matter jurisdiction.

A Court may consider subject matter jurisdiction as part of its initial review of the Complaint. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"). In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). If necessary, the Court has an obligation to consider its subject matter jurisdiction *sua sponte*. *See id.; Brickwood*

*Contractors, Inc. v. Datanet Engineering, Inc.,* 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court.").

District courts have original jurisdiction pursuant to 28 U.S.C. § 1331 "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the "well-pleaded complaint doctrine," federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Fourth Circuit has observed that "[t]here is no 'single, precise definition' of what it means for an action to 'arise under' federal law." *Verizon Md., Inc. v. Global NAPS, Inc.,* 377 F.3d 355, 362 (4th Cir. 2004) (quoting *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986)). Indeed:

> The Supreme Court has recognized § 1331 jurisdiction in a variety of cases, such as (1) when a federal right or immunity forms an essential element of the plaintiff's claim; (2) when a plaintiff's right to relief depends upon the construction or application of federal law, and the federal nature of the claim rests upon a reasonable foundation; (3) when federal law creates the cause of action; and (4) when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Id.* (internal citations and quotations omitted).

The Court has carefully reviewed Young's Complaint and finds that a colorable federal claim under 28 U.S.C. § 1331 is not readily apparent.

Since the Court has determined that federal question jurisdiction is lacking, the only possible basis for jurisdiction over Young's tort claim is diversity of citizenship. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See*

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). Both Young and Crispen reside in Maryland, and Young seeks only $15,000 in damages. ECF No. 1. Therefore, the Complaint does not satisfy diversity of citizenship requirements and shall be dismissed for lack of subject matter jurisdiction.

  A separate Order will be entered in accordance with this Memorandum Opinion.

Date: February 1, 2016            /s/
                    ROGER W. TITUS
                  UNITED STATES DISTRICT JUDGE